## H. BRADSHAW v. STATE.

### No. 2363.    Decided March 19, 1913.

**1.—Burglary—Evidence—Declarations of Third Party.**

The fact that the absent witness was in Europe afforded no reason why conversations he had with another party should be used against the defendant.

**2.—Same—Evidence—Declaration of Third Party.**

What may have occurred between third parties, in the absence of defendant, would not be binding upon him an is inadmissible in evidence.

**3.—Same—Evidence—Confessions—Codefendant—Arrest.**

The declarations of a codefendant made in defendant's presence when the latter was under arrest are not binding upon the defendant.

**4.—Same — Evidence — Declaration of Codefendant — Warning — Arrest — Remarks by Court.**

Where defendant was under arrest, the warning to his codefendant could not apply to the defendant, and whatever remarks or declarations the defendant made while under arrest without warning could not be used against him; besides, the remarks by the court thereon were improper.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Robt. G. Street.

Appeal from a conviction of burglary; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Thos. C. Turnley* and *Tiernan & Tiernan* and *Geo. G. Clough,* for appellant.—On question of declarations of third party: Moody v. State, 52 Texas Crim. Rep., 232.

On question of declarations of codefendant: Johnson v. State, 63 Tex. Crim. Rep., 50; 148 S. W. Rep., 328.

On question of remarks by court: Melton v. State, 58 Tex. Crim. Rep., 86; 124 S. W. Rep., 910; Placker v. State, 58 Tex. Crim. Rep., 216; 125 S. W. Rep., 409; Dean v. State, 58 Texas Crim. Rep., 98; Mumford v. State, 45 id, 590; Wilson v. State, 17 Texas Crim. App., 535.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of declarations of codefendant: Couch v. State, 58 Tex. Crim. Rep., 505; 126 S. W. Rep., 866; Funderburk v. State, 61 S. W. Rep., 393; Simmons v. State, 50 Texas Crim. Rep., 527; Wright v. State, 37 id, 627; Guinn v. State, 39 id, 257.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at seven years confinement in the penitentiary.

The first bill of exceptions recites that Celli told the witness, John Day, that he had given Mr. Petropol the stolen cigars to sell. These cigars he testifies he located at Petropol's and asked Petropol where he got them. The court says he allowed this because it had been previously shown that N. Celli was in Europe at the time of the trial, and the witness Petropol testified he got the cigars from Celli. This was error. The fact that the absent witness was in Europe afforded no reason why conversations he had with another party should be used against the defendant. The bill recites that defendant was not present and knew nothing of it.

Another bill recites that the witness, John Day, while testifying for the State, was permitted to tell the jury that he had Mr. Romano to identify the cigars in question as those that were stolen. The bill further recites that the defendant was not present, but on the contrary shows that he was absent. Several objections were urged to this. The witness testified that after he got possession of the cigars, he carried them to the police station and sent for Mr. Romano, and had the cigars identified by Mr. Romano. The court says he permitted this testimony to go to the jury because the witness Romano had already stated these were the cigars stolen. That would bring in review the testimony with reference to what the judge certifies, but be that as it may, what occurred between third parties in the absence of the defendant would not be binding upon him, and upon another trial this matter should not be permitted to occur.

Another bill recites that the witness Day was permitted to testify that he had a conversation with Leonard in the presence of the defendant at the police station; that Leonard and appellant were both under arrest at the time and in custody of the officer who was testi-

fying. There were various objections urged to what occurred at the police station while the defendant was under arrest as having occurred between Day and Leonard in which Leonard made a confession. Appellant was in no way bound by the confession of Leonard, although it was made in his, defendant's presence; he was under arrest and was not bound by the statements of other prisoners. It is unnecessary to go into any detailed discussion of that matter.

Another bill recites that while the same witness Day was testifying, he was permitted to state that he asked Leonard if appellant was the man who sent him for the automobile, and Leonard said he was, and appellant then spoke up and said to Leonard: " 'What are you getting for this information, you God damn son-of-a-bitch?' Leonard told me the property I was looking for was at Celli's store, and when Leonard told me where the property was, the defendant Bradshaw said to him or asked him what he was getting from the police department for giving that information." The court, passing upon the objections made by counsel for the defendant as to the admissibility of this evidence, in the presence and hearing of the jury, gave the following opinion thereon, and ordered the official stenographer to incorporate the same in the official record, to-wit: "In this case the State offers certain testimony by Officer John Day relating to statements made by the defendant, and one Louis Leonard, for the purpose of showing a confession, made by Louis Leonard, who was under arrest at the same time as the defendant at the bar—both defendants being under arrest at the time—for the offense for which the defendant is now on trial, Officer John Day being present when the statement was made by Leonard, in the presence of the defendant, after he, Leonard, had been warned by the officer that he need not make any statement, but if he did so, it would be used against him on his trial for the offense charged, and that at the time Leonard made the statement to the officer, in the presence of the defendant at the bar, as to where certain goods would be found, that the defendant said to him, "You God-damn-son-of-a-bitch, what are you getting from the police department for this information?' This declaration the court holds is, in effect, a joining in, or admission on the part of the defendant at the bar, of the confession made by Leonard at that time. The testimony will be admitted." This ends the quotation of the court's opinion of which complaint is made. The court should not have delivered this opinion to the jury or in the presence and hearing of the jury. The evidence in regard to these matters was clearly inadmissible, which was also error. Appellant was under arrest, and the warning to Leonard was not a warning to defendant, and whatever remark he may have made while under arrest could not have been used against appellant. It is unnecessary to detail the evidence in the case. The errors above indicated are clearly reversible, and the judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*